UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

FRANCISCO DIAZ CORTES,                                            Petitioner,

v.                                                                 Civil Action No. 4:25-cv-167-DJH

KRISTI NOEM, Secretary of the U.S.
Department of Homeland Security et al.,                           Respondents.

\* \* \* \* \*

## MEMORANDUM AND ORDER

Francisco Diaz Cortes, a noncitizen resident of Illinois currently detained in the Western District of Kentucky, petitions the Court for a writ of habeas corpus, claiming that he has been unlawfully detained under the Immigration and Nationality Act and in violation of due process.[1] (Docket No. 1) He seeks immediate release or, in the alternative, a bond hearing and attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (D.N. 1, PageID.11–12) Respondents oppose Cortes's petition and ask the Court to dismiss it for lack of jurisdiction. (D.N. 7) The parties waive an evidentiary hearing in this matter. (D.N. 8; D.N. 9) For the reasons explained below, the Court will deny Respondents' motion, grant Cortes's petition, and order his immediate release.

---

[1] Cortes also asserts, for the first time in his reply, that he is entitled to release because his arrest was performed without a warrant and in violation of the consent decree in *Castañon Nava v. Department of Homeland Security*, No. 18-cv-3757, 2025 WL 2842146 (N.D. Ill. Oct. 7, 2025). (*See* D.N. 11, PageID.84–86) "Generally, claims raised for the first time in a reply or traverse are not properly before the Court." *Alonso-Portillo v. Bondi*, No. 1:25-CV-306, 2025 WL 2483393, at *12 (S.D. Ohio. Aug. 28, 2025) (citation omitted). The Court will decline to consider this argument because it was raised late, *see id.*, and because Cortes' other claims justify his release.

1

**I.**

Cortes is a native and citizen of Mexico. (D.N. 1, PageID.4 ¶ 15; D.N. 7, PageID.37) Cortes claims that he has resided in the United States since 1991 and currently resides in Illinois with his family, including his three children who are U.S. citizens. (D.N. 1, PageID.4, 9 ¶¶ 15, 39, 42) The United States says it has no record of Cortes's entry into the country because he entered without inspection. (D.N. 7, PageID.37) On November 6, 2025, U.S. Immigration and Customs Enforcement (ICE) arrested Cortes in Illinois. (D.N.1, PageID.9 ¶ 40; D.N. 7, PageID.37) Cortes was charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). (D.N.1, PageID.9 ¶ 41; D.N. 7, PageID.37) Cortes has not been provided with a bond hearing. (D.N. 1, PageID.2, 9 ¶¶ 3–4, 43)

Cortes is currently detained at the Hopkins County Jail. (*Id.*, PageID.5 ¶ 19) He petitions the Court for a writ of habeas corpus against Department of Homeland Security Secretary Kristi Noem, Chicago ICE Field Office Director Samuel Olson, U.S. Attorney General Pamela Bondi, and Hopkins County Jailer Mike Lewis. (*Id.*, PageID.4–5 ¶¶ 16–19) Respondents maintain that (1) the Court lacks jurisdiction to hear the habeas petition; (2) Cortes is lawfully detained under 8 U.S.C. § 1225, not § 1226, and thus is not entitled to release or a bond hearing; (3) his detention does not violate due process; and (4) even if the Court concludes that Cortes is detained under § 1226, he should not be released. (*See* D.N. 7, PageID.37–39, 50–53)

**II.**

**A.   Jurisdiction**

Respondents argue that either 8 U.S.C. § 1252(b)(9) or § 1252(g) deprives the Court of jurisdiction to hear this dispute. (*Id.*, PageID.34, 37–38) Section 1252(b)(9) states that

> [j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken

2

> or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

§ 1252(b)(9). "[T]he Supreme Court has held that § 1252(b)(9) does not prohibit courts from hearing cases challenging whether bond hearings are required in removal proceedings." *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *2 n.5 (W.D. Ky. Nov. 4, 2025) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 292–95 (2018)).

Section 1252(g) states:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.
> the Court will not dismiss the petition for lack of jurisdiction.

§ 1252(g). This jurisdictional bar is "narrow." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999). The provision "applies only to three discrete actions that the Attorney General may take": commencing proceedings, adjudicating cases, and executing removal orders. *Id.* at 482. As the Court has previously explained on numerous occasions, § 1252(g) does not block review of challenges to detention. *See Alonso*, 2025 WL 3083920, at *2–3; *Mateo v. Noem*, No. 4:25-CV-00151-GNS, 2025 WL 3499062, at *3 (W.D. Ky. Dec. 5, 2025); *Patel v. Tindall*, No. 3:25-cv-373-RGJ, 2025 WL 2823607, at *2 (W.D. Ky. Oct. 3, 2025). Because neither provision cited by the government deprives the Court of jurisdiction, the Court will deny the government's motion to dismiss for lack of jurisdiction. *See Alonso*, 2025 WL 3082920, at *2–3.

3

B.      **Lawfulness of Detention**

Cortes contends that he falls under § 1226(a), not § 1225(b)(2), and thus is not subject to mandatory detention. (D.N. 1, PageID.8–9 ¶¶ 32–37) Respondents claim that Cortes is lawfully detained as an applicant for admission who is seeking admission under § 1225(b)(2). (D.N. 9, PageID.39–40) Respondents argue that when § 1225(b)(2) discusses aliens "seeking admission," it is referring to all "applicant[s] for admission" and that the statute covers individuals like Cortes, who are present in the United States without being admitted or paroled. (*Id.*, PageID.40) Respondents cite *In re Yajure Hurtado*, 29 I&N Dec. 216, 223 (BIA 2025), a Board of Immigration Appeals (BIA) decision, in support of their argument and suggest that the Court should give that decision deference under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). (D.N. 9, PageID.49)

"The Court has previously rejected the government's argument that § 1225(b)(2) applies to individuals who have been present in the United States for an extended period." *Navarrete v. Noem*, No. 4:25-cv-157-DJH, 2025 WL 3298081, at *2 (W.D. Ky. Nov. 26, 2025) (citing *Salinas v. Woosley*, No. 4:25-cv-121-DJH, 2025 WL 3243837, at *2 (W.D. Ky. Nov. 20, 2025)). The Court has also previously explained that *In re Yajure Hurtado* does not deserve *Skidmore* deference because its reasoning is not persuasive, and it is not consistent with prior BIA pronouncements. *See id.* at *2.

Respondents also rely on *Altamirano Ramos v. Lyons*, No. 2:25-cv-09785-SVW-AJR, 2025 WL 3199872 (C.D. Cal. Nov. 12, 2025). (D.N. 7, PageID.41–42) In that case, a district court found that § 1225(b) applied, citing the "entry fiction doctrine" in support. *Altamirano Ramos*, 2025 WL 3199872 at *7. "Under that doctrine, an alien who is physically present but has not been lawfully admitted into the country is 'legally considered to be detained at the border and hence as never having effected entry into this country.'" *Id.* (quoting *Alvarez-Garcia v. Ashcroft*,

378 F.3d 1094, 1097 (9th Cir. 2004)). This Court and others in the Sixth Circuit, however, "have refused to apply this doctrine under § 1225 to noncitizens who have been present in the United States for extended periods." *Navarrete*, 2025 WL 3298081, at *3 (citing *Am.-Arab Anti-Discrimination Comm. v. Ashcroft*, 272 F. Supp. 2d 650, 667–68 (E.D. Mich. 2003)).

Consistent with its prior decisions, the Court concludes that § 1226 applies to Cortes's detention. *Alonso*, 2025 WL 3083920, at *4–8; *Salinas*, 2025 WL 3243837, at *2–3; *Navarrete*, 2025 WL 3298081, at *2–3.

C.   **Due Process**

Cortes claims that his detention violates due process under the Fifth Amendment. (D.N. 1, PageID.11 ¶¶ 50–53) Respondents contend that there was no due process violation because (1) Cortes "does not have due process rights beyond those provided in § 1225" (D.N. 7, PageID.51 (citing *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020))); (2) "applicants for admission have limited liberty interests, while the United States has 'a powerful interest in maintaining [his] detention in order to ensure that removal actually occurs'" (*id.* (quoting *Rojas v. Olson*, No. 25-cv-1437-bhl, 2025 WL 3033967, at *13–14 (E.D. Wis. Oct. 30, 2025))); and (3) there is little chance of an erroneous deprivation of rights because Cortes is subject to removal (*id.* (citing *Rojas*, 2025 WL 3033967, at *13)).

"Aliens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments." *Plyler v. Doe*, 457 U.S. 202, 210 (1982) (citations omitted). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citation omitted). To determine whether civil detention violates due process, the Court applies a three-part

balancing test. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *see Barrera v. Tindall*, No. 3:25-cv-541-RGJ, 2025 WL 2690565, at *6 (W.D. Ky. Sep. 19, 2025). Under that test,

> [t]he Court must weigh: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the United States' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Barrera*, 2025 WL 2690565, at *6 (citing *Mathews*, 424 U.S. at 335).

As an initial matter, Cortes's due process rights are not limited to what is contained in § 1225. The statement from *Thuraissigiam* cited by the government concerned the rights of a noncitizen who was apprehended shortly after crossing the border and was subject to the provisions of § 1225(b). *See* 591 U.S. at 114, 140. As explained above, Cortes is not subject to § 1225(b). *See Alonso*, 2025 WL 3083920, at *4–8.

All three *Mathews* factors support granting Cortes a hearing. First, it is "undisputed [that Cortes] has a significant private interest in not being detained." *Barrera*, 2025 WL 2690565, at *6. Second, "the risk of erroneously depriving him of his freedom is high if the [immigration judge] fails to assess his risk of flight and dangerousness." *Lopez-Campos v. Raycraft*, No. 2:25-cv-12486, 2025 WL 2496379, at *9 (E.D. Mich. Aug. 29, 2025); *see also* 8 C.F.R. § 1236.1(c)(8), (d)(1). "The government's argument that there is little chance of an erroneous deprivation of rights because [Cortes] is subject to removal misses the point: the right at issue is freedom from restraint, not ultimate admittance into the United States." *Navarrete*, 2025 WL 3298081, at *3 (citing *Barrera*, 2025 WL 2690565, at *6). Third, a "routine bond hearing before an [immigration judge]" presents "minimal" fiscal and administrative burdens, and "there is an established process for doing so that [the Department of Homeland Security] can readily follow here." *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at *15 (E.D.N.Y. Oct. 6, 2025). The Court thus

6

concludes that detaining Cortes without providing him a bond hearing violates due process. *Orellana v. Noem*, No. 4:25-cv-112-RGJ, 2025 WL 3006763, at *6 (W.D. Ky. Oct. 27, 2025); *Barrera*, 2025 WL 2690565, at *7; *Lopez-Campos*, 2025 WL 2496379, at *9–10.

### D.     Remedy

According to Respondents, "Section 1226(a) does not provide an alien with a right to release on bond," and thus "[a] finding that a detained alien should be detained under § 1226, rather than § 1225(b)(2), is not a finding for release, but rather a finding that the alien should be detained, unless he moves the immigration court for a bond and is so granted." (D.N. 7, PageID.52–53)

"Habeas has traditionally been a means to secure *release* from unlawful detention." *Thuraissigiam*, 591 U.S. at 107; *see also Zadvydas*, 533 U.S. at 687. In accordance with this understanding, "courts across the country have ordered the release of individuals stemming from ICE's illegal detention." *Orellana*, 2025 WL 3006763, at *6 (collecting cases).

Under § 1226, the Attorney General has discretion to release a noncitizen on bond or conditional parole while a removal decision is pending. 8 U.S.C. § 1226(a)(2). But here, Cortes has been denied the opportunity to pursue the process provided under § 1226(a) and its accompanying regulations; namely he has not received the chance for a bond hearing on the merits. *See Alonso*, 2025 WL 3083920, at *5 (citations omitted); 8 C.F.R. § 1236.1(d)(1). As the Court has previously observed, ordering release in addition to a bond hearing does not unduly interfere with pending removal proceedings or usurp the role of the immigration judge. *See Salinas*, 2025 WL 3243837, at *5. Therefore, the Court will order that Cortes be immediately released.[2]

---

[2] The Court will consider Cortes's claim for fees under the EAJA if an application is properly submitted "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B).

7

## III.

For the reasons stated above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     Respondents' motion to dismiss (D.N. 7) is **DENIED**.

(2)     Cortes's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Cortes, and, if he is arrested and re-detained, provide him with a bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a). The United States **SHALL** certify compliance with the Court's Order by a filing on the docket by **Tuesday, December 16, 2025.**

(3)     Upon receipt of the notice of compliance, this matter will be **CLOSED**.

December 15, 2025

David J. Hale, Chief Judge
United States District Court